**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

DANIELLE RICCIO, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

EASTERN REVENUE, INC., and JOHN DOES 1-25.

Defendant(s).

Civil Case Number:

_____

**CIVIL ACTION**

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, Danielle Riccio, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, EASTERN REVENUE, INC., (hereinafter "Eastern"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

- 1 -

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, Danielle Riccio, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      EASTERN is a foreign corporation with its principal place of business located at P.O. Box 185, Southeastern, Pennsylvania 19399-0185.

8.      Upon information and belief, EASTERN is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from EASTERN which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from EASTERN, attempting to collect debt(s) allegedly owed to Monmouth University, Tuition 1S ("Monmouth"),  that attempted to collect interest or other charges that had not *incurred or due* at the time the debt collection letters and/or notices were sent to the consumer.

- The Class period begins one year to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from EASTERN that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether Defendants violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed proceed without

remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

13.     At some time prior to November 24, 2014 Danielle Riccio entered into a contract to pay tuition to Monmouth in order to enroll in its college education program (the "Monmouth Obligation").

14.     A portion of Plaintiff's tuition to Monmouth was paid by student loans; however, Plaintiff was responsible for any unpaid, or non-reimbursed, balance.

15.     Monmouth is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16.     The Monmouth obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The alleged Monmouth obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

19.     On or before, November 24, 2014, Monmouth placed and/or referred the alleged obligation with EASTERN for the purpose of collection.

20.     At the time the Monmouth obligation was placed with EASTERN, it was past due.

21.     On or about November 24, 2014, EASTERN caused to be mailed to Plaintiff a letter attempting to collect the alleged EASTERN obligation.  A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

22.     At all pertinent times hereto, EASTERN was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

23.     The November 24, 2014 letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

24.     Upon receipt, Plaintiff read the November 24, 2014 letter.

25.     The November 24, 2014 letter stated that Plaintiff's balance was $2220.80.

26.     On November 28, 2014 Plaintiff sent EASTERN a letter disputing the validity of the Monmouth obligation, and demanding a full accounting and verification. A copy of said letter is annexed hereto as **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

27.     In response to the November 28, 2014 letter, EASTERN sent Plaintiff a debt collection letter dated December 8, 2014 related to the Monmouth obligation. A copy of said letter is annexed hereto as **Exhibit C**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

28.     The December 9, 2014 letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

29.     Upon receipt, Plaintiff read the December 8, 2014 letter.

30.     The December 8, 2014 letter stated in part "THE AMOUNT REFLECTED ON THE VERIFICATION MAY OR MAY NOT INCLUDE ANY INTEREST OR OTHER CHARGES (WHERE APPLICABLE). THE ABOVE AMOUNT DUE INCLUDES ALL APPLICABLE CHARGES AS OF THE DATE OF THIS LETTER".

31.     The December 8, 2014 letter also stated that the amount due is $2,220.80.

32.     Attached to the December 8, 2014 is a document entitled "Undergraduate Catalog".

33.     The "Undergraduate Catalog" states in relevant part "If payment is not made as required, the student may not be allowed to register for future semesters/terms until the outstanding balance is satisfied. In addition, ***all collection costs and fees, including, but not limited to, attorneys' fees incurred by the University***, will be paid by the student." (emphasis added).

34.     On January 12, 2015,  EASTERN sent a debt collection letter to Plaintiff related to the Monmouth obligation. A copy of said letter is annexed hereto as **Exhibit D**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

35.     The January 12, 2015 letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

36.     Upon receipt, Plaintiff read the January 12, 2015 letter.

37.     The January 12, 2015 letter sates the following:

> PRINCIPAL BALANCE:     $1,725.00
> INTEREST BALANCE:      $0.00
> LATE FEES:             $0.00
> ***COLLECTION CHARGES: $485.80***
> TOTAL TO PAY IN FULL:  $2,220.80
> TOTAL PAID TO DATE:    $0.00 (emphasis added)

38.     "Balance" as indicated in the November 24, 2014 letter included collection charges (i.e. attorneys' fees) in the amount of $485.00.

39.     "Amount Due" as indicated in the December 8, 2014 letter included collection charges (i.e. attorneys' fees) in the amount of $485.00.

40.     "TOTAL TO PAY IN FULL" as indicated in the January 12, 2015 letter included collection charges (i.e. attorneys' fees) in the amount of $485.00.

41.     The attorneys' fees of $485.80 is approximately 22% of the unpaid principal and interest past due of $2,220.80.

42.     The attorneys' fees of $485.80, represents the contingency fee agreement between EASTERN and Monmouth rather than a pre-paid, flat fee.

43.     At the time EASTERN sent the November 24, 2014 letter, Plaintiff did not owe Monmouth attorneys' fees in the amount of $485.80.

44.     At the time EASTERN sent the November 24, 2014 letter to Plaintiff, EASTERN had not billed Monmouth for attorney fees in the amount $485.80, relative to the collection of the alleged debt.

45.     At the time EASTERN sent the November 24, 2014 letter to Plaintiff, EASTERN had not charged Monmouth attorneys fees of $485.80, relative to the collection of the alleged debt.

46.     At the time EASTERN sent the November 24, 2014 letter to Plaintiff, Monmouth had not paid attorneys fees to EASTERN in the amount of $485.80, relative to the collection of the alleged debt.

47.     At the time EASTERN sent the November 24, 2014 letter to Plaintiff, Monmouth had not been awarded attorneys' fees by any Court in any jurisdiction.

48.     At the time EASTERN sent the November 24, 2014 letter to Plaintiff, EASTERN had not filed an action in any Court in any jurisdiction.

49.     At the time EASTERN sent the December 8, 2014 letter, Plaintiff did not owe Monmouth attorneys' fees in the amount of $485.80.

50.     At the time EASTERN sent the December 8, 2014 letter to Plaintiff, EASTERN had not billed Monmouth for attorney fees in the amount $485.80, relative to the collection of the alleged debt.

51.     At the time EASTERN sent the December 8, 2014 letter to Plaintiff, EASTERN had not charged Monmouth attorneys fees of $485.80, relative to the collection of the alleged debt.

52.     At the time EASTERN sent the December 8, 2014 letter to Plaintiff, Monmouth had not paid attorneys fees to EASTERN in the amount of $485.80, relative to the collection of the alleged debt.

53.     At the time EASTERN sent the December 8, 2014 letter to Plaintiff, Monmouth had not been awarded attorneys' fees by any Court in any jurisdiction.

54.     At the time EASTERN sent the December 8, 2014 letter to Plaintiffs, EASTERN had not filed an action in any Court in any jurisdiction.

55.     At the time EASTERN sent the January 12, 2015 letter, Plaintiff did not owe Monmouth attorneys' fees in the amount of $485.80.

56.     At the time EASTERN sent the January 12, 2015 letter to Plaintiff, EASTERN had not billed Monmouth for attorney fees in the amount $485.80, relative to the collection of the alleged debt.

57.     At the time EASTERN sent the January 12, 2015 letter to Plaintiff, EASTERN had not charged Monmouth attorneys fees of $485.80, relative to the collection of the alleged debt.

58.     At the time EASTERN sent the January 12, 2015 letter to Plaintiff, Monmouth had not paid attorneys fees to EASTERN in the amount of $485.80, relative to the collection of the alleged debt.

59.     At the time EASTERN sent the January 12, 2015 letter to Plaintiff, Monmouth had not been awarded attorneys' fees by any Court in any jurisdiction.

60.     At the time EASTERN sent the January 12, 2015 letter to Plaintiffs, EASTERN had not filed an action in any Court in any jurisdiction.

61.      Upon information and belief, members of the class have made payment of attorneys' fees, which were not due and owing.

62.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, EASTERN sent collection letters attempting to collect debts to more than 50 consumers residing within the State of New Jersey similar to the letter annexed hereto as **Exhibit A**.

63.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, EASTERN sent collection letters attempting to collect debts to more than 50 consumers residing within the State of New Jersey similar to the letter annexed hereto as **Exhibit C**.

64.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, EASTERN sent collection letters attempting to collect debts to more than 50 consumers residing within the State of New Jersey similar to the letter annexed hereto as **Exhibit D**.

65.     EASTERN's actions as described herein are part of a pattern and practice used to collect consumer debts.

66.     EASTERN could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

67.     The collection charges, included by EASTERN in all three of its debt collection letters to Plaintiff (November 24, 2014; December 8, 2014 and January 12, 2015), "...were not due until actually incurred..." *See, Ardino v Solomon and Solomon*,  2014 WL 268680 (D. N.J. January 23, 2014. Put another way, the amount of the collection charges "...was not set in stone as of the date of the Collection letters." *Id* at *4.

### POLICIES AND PRACTICES COMPLAINED OF

68.     It is EASTERN's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, **Exhibit C** or **Exhibit D**, that violate the FDCPA, by *inter alia*:

    (a)    Failing to accurately state the amount of the alleged debt.

    (b)    Attempting to collect attorneys' fees when no such fees were due to EASTERN.

    (c)    Using false, deceptive or misleading representations or means in connection with the collection of any debt.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

69.     Plaintiff repeats the allegations contained in paragraphs 1 through 68 as if the same were set forth at length herein.

70.     Collection letters and/or notices such as those sent by EASTERN, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

71.     Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

(a) the amount of the debt;

72.     EASTERN violated 15 U.S.C. § 1692g et seq. of the FDCPA by failing to state the amount of the debt as its initial debt collection letter, and subsequent debt collection letters, included collection charges (i.e. attorneys' fees) when said charges were not yet, if at all, due.

73.     By reason thereof, EASTERN is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692g of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

74.     Plaintiff repeats the allegations contained in paragraphs 1 through 73 as if the same were set forth at length herein.

75.     Section 1692e(2)(A) states in relevant part that "...a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. This includes, but is not limited to, falsely representing the amount of the debt."

76.     EASTERN violated Section 1692e(2)(A) by including collection charges (i.e. attorneys' fees) in the amount of the debt when said charges were not yet, if at all, due in its initial debt collection letter, and subsequent debt collection letters.

77.     Section 1692e(10) states in relevant part that it is a violation of the FDCPA to "...use any false representation or deceptive means to collect or attempt to collect any debt..."

78.     EASTERN violated Section 1692e(10) by including collection charges (i.e. attorneys' fees) in the amount of the debt when said charges were not yet, if at all, due in its initial debt collection letter, and subsequent debt collection letters.

79.     By reason thereof, EASTERN is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692e of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f et seq.

80.     Plaintiff repeats the allegations contained in paragraphs 1 through 79 as if the same were set forth at length herein.

81.     Section 1692f(1) of the FDCPA states in relevant part that a "...debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This includes, but is not limited to, "The collection of any amount (including interest, *fee*, *charge* or expense incidental to the principal obligation) unless such amount is expressly authorized by agreement creating the debt or permitted by law.

82.     EASTERN violated Section 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

83.     By reason thereof, EASTERN is liable to Plaintiff and other similarly situated for a declaratory judgment that EASTERN's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and, Benjamin J. Wolf, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Solomon, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Solomon to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)     Awarding pre-judgment interest and post-judgment interest; and

(h)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
          January 23, 2015

/s/ *Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

/s/ *Benjamin J. Wolf*
Joseph K. Jones, Esq. (BW3338)
Law Offices of Joseph K. Jones, LLC

375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 23, 2015

*/s/ Joseph K. Jones*
Joseph K. Jones

# EXHIBIT A

# Eastern Revenue

PO Box 185 • Southeastern PA 19399-0185 • Tel: (484) 956-8672 • Toll Free: (866) 337-8875

November 24, 2014
Account Number: ▓▓▓▓

DANIELLE RICCIO
▓▓▓▓▓▓▓▓

| Creditor | Regarding | Amt. Owed |
|---|---|---|
| MONMOUTH UNIVERSITY, TU | BALANCE DUE | 2220.80 |

Dear DANIELLE RICCIO:

The above referenced creditor has placed your delinquent account with this office for collection. Assuming your failure to pay this obligation is due to an oversight, we are mailing this notice in advance of any collection activity by our office so that you may have the opportunity to make payment in full.

**This is an attempt to collect a debt, any information obtained will be used for that purpose.** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Make your check or money order payable to:

Eastern Revenue
PO Box 185
Southeastern, PA 19399-0185

All payments should come directly to our office attention Mr. Banks. If you would like to pay by phone, please notify us at (866) 337-8875. If you prefer us to send you all notices via email, please contact emails@easternrevenue.com. Please reference account number 811924 on all correspondence.

*** Detach Lower Portion And Return With Payment ***

A credit card processing fee will be added to this amount. $15.00 for payments of $500.00 and less, 3% will be added to payments over $500.00.

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW

VISA   DISCOVER

CARD NUMBER                          EXP. DATE
CARD HOLDER NAME                     CVV
SIGNATURE            AMOUNT PAID

PO Box 185
Southeastern PA 19399-0185
ADDRESS SERVICE REQUESTED

Scan Here
To Pay Online

DANIELLE RICCIO

Account Number: ▓▓▓▓
Balance:        $2220.80

Eastern Revenue
PO Box 185
Southeastern PA 19399-0185

# EXHIBIT B

*Law Offices of*

# Joseph K. Jones, *LLC*

Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

555 Fifth Avenue
17th Floor
New York, NY 10017
646-459-7971
facsimile 646-459-7973

*Reply to: New York*

November 28, 2014

Via Facsimile (610) 337-8942 and First Class Mail

Eastern Revenue, Inc.
P.O. Box 185
Southeastern, PA 19399-0185

Re:   Danielle Riccio
Account No.: █████

To Whom It May Concern:

This firm has been retained to represent the interest of Danielle Riccio Riccio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Riccio.  Furthermore, Ms. Riccio hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Eastern Revenue, Inc., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
Law Offices of Joseph K. Jones, LLC


*/s/ Joseph K. Jones*
Joseph K. Jones
Attorney at Law


JKJ: kk
cc:  Danielle Riccio

# EXHIBIT C

# EASTERN REVENUE

### P.O. BOX 185 SOUTHEASTERN PA, 19399-0185
### 1-888-337-8875

Dec  8, 2014

DANIELLE RICCIO
%JOSEPH K. JONES, ESQ
555 FIFTH AVE, 17TH FLOOR
NEW YORK, NY 10017

CREDITOR: MONMOUTH UNIVERSITY, TUITION 1S
AMOUNT DUE: $2220.80
CREDITOR ID# ███████
NORTH CAROLINA PERMIT NO 3784
FILE # ███████

AS YOU REQUESTED, ENCLOSED IS VERIFICATION OF YOUR DEBT TO
THE ABOVE REFERENCED CREDITOR.  THE AMOUNT REFLECTED ON THE
VERIFICATION MAY OR MAY NOT INCLUDE ANY INTEREST OR OTHER
CHARGES (WHERE APPLICABLE).  THE ABOVE AMOUNT DUE INCLUDES
ALL APPLICABLE CHARGES AS OF THE DATE OF THIS LETTER.

SHOULD YOU HAVE ANY QUESTIONS, PLEASE CALL THIS OFFICE
AT 1-866-337-8875 OTHERWISE, FULL PAYMENT OF THIS DEBT IS DUE.

REMIT TO:

        EASTERN REVENUE
        P.O. BOX 185
        SOUTHEASTERN, PA 19399-0185

OR YOU CAN PAY BY CHECK ON-LINE AT WWW.EASTERNREVENUE.COM

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ENCLOSURE

F1

12/05/14

ALL INQUIRIES- FRAN JAWORSKI (732) 571-3455

| Date | Term | Description | Amount | Date | Term | Description | Amount |
|------|------|-------------|--------|------|------|-------------|--------|
| | | | | | | | |

Ms. Danielle B. Riccio

BD

12/05/14

ALL INQUIRIES- FRAN JAWORSKI (732) 571-3455



Ms. Danielle B. Riccio

BD

12/05/14

ALL INQUIRIES- FRAN JAWORSKI (732) 571-3455

Ms. Danielle B. Riccio

BD

12/05/14

ALL INQUIRIES- FRAN JAWORSKI (732) 571-3455

Ms. Danielle B. Riccio

BD



# UNDERGRADUATE CATALOG
## 2012-2013



MONMOUTH
UNIVERSITY

WHERE LEADERS LOOK *forward*

*Tuition and Fees*

**Physical Education Fee:** This fee is for the use of equipment required in the physical education program.

**Laboratory and Studio Fee:** This fee is charged in addition to the tuition for each laboratory or studio course. It covers costs of additional class hours and special materials.

**Credit by Examination Fee:** This fee is for the administrative and personnel costs for the Credit by Examination program.

**Portfolio Assessment Fee:** This fee is for the administrative and personnel costs for the Portfolio Assessment program.

**Study Abroad Fee:** This fee is charged to Monmouth University students who have been granted permission to enroll in a Study Abroad program sponsored by another college or university.

**Student Teacher Early Field Experience Fee:** This fee is charged to education majors to offset the expense of the early field experience.

**Student Teaching Field Experience Fee:** This fee is charged to education majors to offset the expense of student teaching.

### Terms of Payment

Payment of fall semester charges are due in August, and spring semester charges are due in December. Specific dates are set annually and can be viewed on the Bursar Web page under "Payment Deadlines." **Cash and Debit Card:** accepted in person at the Office of the Cashier located on the first floor of the Wilson Hall Annex. Call 732-571-7540. **Check or Money Order:** accepted in person, as above, or mailed in the envelope that is enclosed with your bill. The student's ID number must be written on all checks and money orders. **Credit Cards:** Visa, MasterCard, Discover, and American Express are accepted. You may fill out the form included with your bill and return it in the envelope, also provided. This form of payment is also accepted both in person and over the phone. The person to whom the credit card is issued must call. **Online:** by electronic check or credit card by either logging into your WEBstudent account and selecting "Account Summary" (if you have a balance due, a button will appear at the bottom of the screen to allow you to make an online payment), or accessing our Electronic Payment Gateway. Be prepared to fill in the student's ID number, first name, last name, and then follow the remaining steps.

A student who becomes delinquent in payments due during the year may be barred from classes. Financial clearance must be met for a student to graduate or receive transcripts, either official or unofficial (student copy).

If payment is not made as required, the student may not be allowed to register for future semesters/terms until the outstanding balance is satisfied. In addition, all collection costs and fees, including, but not limited to, attorneys' fees incurred by the University, will be paid by the student.

### Tuition Payment Plan

To accommodate parents and students who prefer to pay for educational expenses in monthly installments, the following plan is available as of April 1 for the upcoming school year. The University reserves the right to alter the programs accepted from time to time.

The following organization is not affiliated with Monmouth University, and any questions regarding the tuition plans should be directed to the address below:

Tuition Management Systems
P.O. Box 842722
Boston, MA 02284-2722
Phone: (800) 356-8329
Web site: www.afford.com

### REFUND POLICY

· *Summer Sessions*

Refunds, upon **withdrawal from summer sessions**, will be made according to the policy stated below:

- **Students who withdraw from a four-week or six-week summer session** within the first week of the session will receive 100% refunds. Withdrawals after the first week are not eligible for refunds.
- **Students who withdraw from a nine-week or twelve-week summer session** within the first week of the session will receive 100% refunds. Fifty-percent refunds will be given if courses are withdrawn in the second week. Withdrawals after the second week are not eligible for refunds.

# EXHIBIT D

# EASTERN REVENUE

P.O. BOX 185 SOUTHEASTERN PA, 19399-0185
1-888-337-8875

Jan 12, 2015

FILE NO █████████
DANIELLE RICCIO
%JOSEPH K. JONES, ESQ
555 FIFTH AVE, 17TH FLOOR
NEW YORK, NY 10017

CREDITOR: MONMOUTH UNIVERSITY, TUITION 1S
NORTH CAROLINA PERMIT# 3784
CREDITOR ID # ████████

AS YOU REQUESTED, BELOW IS AN ITEMIZATION OF YOUR ACCOUNT
BALANCE. FOR THE ABOVE REFERENCED CREDITOR.

```
PRINCIPAL BALANCE .............$1735.00
INTEREST BALANCE ..............$0.00
LATE FEES .....................$0.00
COLLECTION CHARGES ............$485.80
TOTAL TO PAY IN FULL ..........$2220.80

TOTAL PAID TO DATE ............$0.00
```

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

ENCLOSURE

M5